Stanard, J.
The appellees, claiming as children and legatees of John Anderson, together with their deceased mother the widow, obtained a decree against William Anderson, the executor of the decedent, in the County Court of Buckingham fox 1876 dollars 96 cents, with interest thereon from 1st of January 1830. The decree was a joint one in favour of the legatees and widow. On this *76 decree execution issued and was returned nulla bona. The widow having died, the surviving parties in whose favour the decree was rendered, instituted this suit against tke sure¡¡es 0f tiie executor, to recover of them the amount ¿ue on the decree, and for which the sureties might be chargeable. With the bill they filed, they exhibited the account on which the decree against the executor had been rendered. The appellant, one of the sureties, by his answer, concedes that the account stated in the proceeding against the executor, should be regarded as right, subject to correction, so far as he should be able to point out errors on, its face; and then objects that in the account the executor is charged with rents of real estate to an amount more than the balance; that the sureties of the executor are not responsible for rents; that the charges therefor ought to be excluded, and being excluded from this account, there is no balance due for which the sureties are responsible.
The testator by his will, after directing his debts to be first paid, desires that his lots on which he had built, (the rents for which are charged to the executor in the account aforesaid,) should, at the discretion of his executors, be sold, leased, or rented, to do the best for the benefit of his children.
In the account exhibited with the bill, the charges to the executor for the personal estate, the debts collected, the hires of negroes, and the rents and the credits for debts paid, and supplies to the family, and disbursements for the children, are promiscuously entered. If the balance shewed by the account, is to be referred to such of the charges to him as properly belong to his administration of the personal estate, then his sureties are unquestionably responsible for it. If it be referred to the charges to him for the receipt of rents of real estate, it is equally clear that his sureties are not responsible.
The question then is, to which of these responsibilities ought the balance of the account in question to be *77 referred ? This depends on the application to the case of the principle on which the accounts should be stated, to ascertain the respective amounts of the responsibility, and balance due thereon for the two funds, the one derived from the rents and profits of the real estate, the other from the personal estate.
The executor held the personal estate for the payment of debts, and he was under no obligation to apply it to the use of the legatees while the debts remained unpaid ,• and even when all the known debts were paid, the legatees had no right to demand of him the surplus, or the application of it, to their use, without giving him a refunding bond. As to the rents and profits, though they might in equity have been charged with debts, to the payment of which the personal estate might prove inadequate, yet until the claim to charge them should be asserted by suit of the creditors, the heirs or devisees were entitled to them, without being accountable therefor to the creditors; and the executor receiving them was trustee of, and bound to account for them to, the heirs and devisees. These characteristics of the two funds, I think, clearly indicate the manner in which the accounts should be stated to ascertain the separate responsibilities of the executor for each. In the account to shew the balance on account of the rents and profits of the real estate, these being brought to the debit of the executor, he should have credit for the disbursements on account of the real estate, to wit, for taxes, repairs, improvements, &c.; and for supplies to the family, the schooling, and other expenses of the children. If on the account so stated, a balance should appear against the executor, the aggregate balance on the general and promiscuous account, would, pro tanto, be regarded as resulting from, and referrible to, the responsibility for the rents and profits; and only the residue of that aggregate balance be treated as resulting from the administration of the personal estate. If there be no balance *78 on this account of rents and profits so stated, against the executor, but one in his favour, then the whole balance on the aggregate account would be referable to the personai(.y_ That the disbursements on account of the real estate, and for supplies to the family, and schooling and expenses, should be first set off against the rents and profits of the real estate, is, I think, free from doubt. To those rents and profits the heirs and devisees were unconditionally entitled. They formed the fund for their support. It was the unqualified duty of the executor and trustee to apply them, and the supplies he furnished, by clear, if not necessary implication, must be regarded as derived from, and to be credited against, that fund.
If the account in this case shewed that the credits which are given therein to the executor for the disbursements for the real estate, supplies to the family, <fcc., aforesaid, were more than equal to the charges to him for rents and profits of the real estate, I should not hesitate, to regard the balance of the said general account as resulting from the administration of the personal estate, for which his sureties are responsible. But unfortunately, that account, though it is shewn by specifications on its face, that the executor has taken credit for a considerable amount of such disbursements, and though I think it highly probable that many of the credits to the executor, the nature of which are not specified, were for such disbursements, which added to those having such specification, exceed the amount of the charges to him for the rents and profits of the real estate, yet the account does not shew it, and I do not think that I can, or that the Court below could properly proceed on a conjecture of a fact, when the obvious course of an enquiry before a commissioner might supply certainty for conjecture. The credits on the account to the executor, that certainly appear to be for the disbursements, &c., though they do not equal the charges for rents and profits, yet being set oif against such rents and profits, *79 would leave a balance much smaller than the balance of the account, so that if the charges and credits were excluded from it, there would still be a considerable balance on the account for which the sureties would be responsible. In this state of uncertainty as to the extent of the credits on that account, for the disbursements, my opinion is, that the Court below ought to have directed an enquiry on that subject; and that it erred in treating the balance on the account, without such enquiry and ascertainment of the fact that the credits to the executor for the disbursements equalled the charges to him for rents and profits, as a balance of the personal estate for which the sureties were responsible.
As to the question of jurisdiction, my opinion is, that the objection to it ought not to prevail. Apart from the consideration that a Court of Equity has jurisdiction to entertain a bill to give effect to a decree of a Court of Equity, and especially in a case where the obligation to give a refunding bond is a preliminary to the relief sought, in this case the decree not being conclusively binding, and the defendants being entitled to surcharge the account on which it was rendered, or demand a new one, and the account exhibited being one which on its face entitled the defendants to such account; and as the result shews, a new enquiry into, and investigation of the accounts is necessary, the jurisdiction of the Court is sufficiently vindicated.
As to the objection to the manner in which the interest is charged and brought into the account, my opinion is, that it is at least doubtful, if regard be had to the amount of interest charged, whether if the accounts were properly separated, and the administration of the personal estate stated on the principles of Burwell v. Anderson, a larger balance would not be found due than was decreed in the suit against the executor. But however this may be, I think that the appellees by their claim, and the defendant by his answer, have waived that objection. I am therefore of opinion, that while it is ne *80 cessary. to reverse the decree, the enquiry in the Court below on the return of the case there, should be to ascertain from the face of the account, or other proof, 0p tke credits given in the account to the execut0r, were for disbursements on account of the real es- ’ tate, or for the supplies to the widow and children, or either or any of them, or for the schooling or expenses of the children. If the aggregate of such credits exceeds the amount of the charges to the executor for rents and profits of the real estate, then the Court should consider the balance shewn by the said account for which the original decree was rendered, as the amount for which the sureties are responsible. If the aggregate of the said disbursements should be less than the charges to the executor for rents and profits, then a trustee’s account should be stated, bringing to the debit of the executor the rents and profits of the real estate ; and to his credit, his disbursements aforesaid, from year to year, with interest on the annual balances, the interest to be brought down to the 1st of January 1830, and the balance at that date, of such rents and profits above the disbursements, should be deducted from the balance of the said account for which the original decree was rendered, and for the balance ascertained by such deduction, the sureties should be held responsible, and the Court below should decree therefor against them.
Cabell, P. and Brooke and Allen, J. concurred in IStanarcl’s opinion.